UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-60999-CIV-DIMITROULEAS/TORRES

THE HERSHEY COMPANY, a Delaware
corporation f/k/a HERSHEY FOODS
CORPORATION,

       Plaintiff,

vs.

EDUARDO T. CADIZ, JR., individually,

       Defendant.
_____/



ORDER DENYING MOTION TO STRIKE
SUPPLEMENTAL ANSWERS TO DAMAGE INTERROGATORIES

This matter is before the Court on Defendant's Motion to Strike Supplemental Answers to Defendant's First Set of Damage Interrogatories [D.E. 85]. The Court has reviewed the motion, Plaintiff's response, and Defendant's Reply, as well as the entire record in the case. For the reasons that follow, the Defendant's Motion must be Denied.

    1.    Defendant's pending motion argues that the Plaintiff's Supplemental Answers to Defendant's First Set of Damage Interrogatories, served July 17, 2006, should be "stricken" because they contain a new damage theory (based on alleged damage to Plaintiff's trade name/trademarks and goodwill that resulted from Defendant's malfeasance in the Philippines). Defendant characterizes this trademark theory as a "new" theory because Plaintiff's original answers to the damage interrogatories, served on October 27, 2005, did not make specific reference to any injury to Plaintiff's trademarks or goodwill. Defendant thus criticizes the supplemental answer, served at the end of the discovery period, as being a litigation tactic

designed to "sandbag" Defendant from further inquiring into this theory. And, more particularly, Defendant argues that the supplemental answer was designed to bolster Plaintiff's defense to Defendant's summary judgment motion.

2. The pending motion is flawed for several reasons. First, Defendant cites to no applicable rule that provides the Court discretion to simply "strike" materials or information served during the course of discovery. The discovery rules, Fed. Rs. Civ. P. 26 and 37, provide the Court with the ability to fashion any remedy, including deeming certain evidence inadmissible (i.e. striking), that is necessary to cure a discovery violation. But the predicate for such relief is just that – a discovery violation. Defendant's motion never articulates precisely how these supplemental answers to interrogatories could constitute a discovery violation.

3. Defendant's primary argument for a discovery violation in this case is that the supplemental answers were not served early enough in the discovery period to make it possible for Defendant to rebut the new trademark theory. The discovery cutoff in the case was August 3, 2006, while the supplemental answers were only served two weeks before on July 17th. Indeed, the supplemental answers were served after Defendant filed its summary judgment motion. Thus, Defendant posits that its ability to counter this new damage theory was materially stymied in a bad faith attempt to prejudice Defendant.

4. Rule 26(e) requires the supplementation of discovery responses at appropriate intervals. The rule does not provide, however, for any specific time period when supplementation must occur. Clearly, supplementation cannot occur after discovery closes and on the eve of trial. *E.g., United States v. Boyce,* 148 F. Supp. 2d 1069 (S.D. Cal. 2001). But

2

there is no authority for the proposition that a Rule 26(e) supplement served within the discovery period and well in advance of trial should nonetheless be "stricken" because it should have been served much earlier. Perhaps that conclusion may be appropriate in certain unique cases, where for instance the Court specifically required supplementation by a certain date. But that did not occur here.

5. Second, Defendant's argument that it was unduly prejudiced by this sandbagging effort is also not borne out by the record. Plaintiff's original answers to the damage interrogatories served in October 2005 were detailed and included various ways in which Plaintiff was allegedly damaged by Defendant's handling of its affairs in the Philippines. Specifically, Defendant's actions allegedly had a "negative impact" on its Philippine operation's ability to purchase product from Defendant. His actions allegedly resulted in destruction of expired product and returned inventory, leading to financial losses. These allegations were clearly specific enough to warrant Defendant following up on how these alleged financial losses could be tied to Defendant's actions or inactions.

6. Yet, the record shows that Defendant did not depose the person identified in those interrogatory answers as having most knowledge of the financial damage to Plaintiff; namely, Dennis Adair (THC International Controller). Moreover, Plaintiff's initial Rule 26 disclosures, served August 19, 2005, identified Mr. Adair as well as Paul Price, as having knowledge of Plaintiff's damages. This failure to depose the persons identified as having most knowledge of Plaintiff's damages is by far more prejudicial to Defendant than the timing of the supplemental answers. The Court understands, of course, that Defendant likely did not depose these people due to his financial constraints. That unfortunate reality of litigation, however,

cannot be balanced by an order striking discovery or limiting the other side's evidence where no material discovery violation can be found.

7.  Third, this failure to follow up on information that was available to Defendant in the fall of 2005 dooms Defendant's argument that Plaintiff's supplemental answers were designed to counter improperly the bases for Defendant's motion for summary judgment. The motion cites by analogy to cases that hold that one cannot manufacture material issues of fact by filing affidavits that contradict one's own earlier deposition testimony. *See, e.g., Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). Defendant theorizes that the supplemental answers were contradicting Plaintiff's original answers that Defendant relied upon in the summary judgment motion. The obvious problem with this is that there is a clear difference in how the law values deposition testimony over a self-serving affidavit, as opposed to the more meager difference between an original interrogatory answer and a supplement.

8.  Had Defendant deposed Mr. Adair, for instance, in response to the original answers, and had he testified as to Plaintiff's damages without ever tying that damage to any trademark or reputation injury, then Defendant's argument for striking a supplemental interrogatory answer that contradicted that deposition testimony would be more well founded. That, however, is not what occurred here. And perhaps, of course, had Defendant deposed Mr. Adair he would have cited the trademark injury as part of Plaintiff's damage theory and provided Defendant with that information well before the close of discovery. Defendant's failure to take advantage of this obvious source of discovery cannot be cured by the Order that Defendant now seeks.

9. Fourth, as it turns out, Defendant did not suffer any material prejudice to his summary judgment motion based on the supplemental answers; the Court denied the motion after tackling head-on Defendant's arguments as to Plaintiff's original damage theory detailed in the original answers to the interrogatories. [D.E. 110]. The Court did not focus at all on the trademark injury as the only basis in the record to deny the motion. Thus, even if the supplemental answers were designed to torpedo unfairly the summary judgment motion, they were ultimately immaterial to the final outcome of that motion. No prejudice can be found on this basis from the supplemental answers.

10. Fifth, and finally, Defendant's argument in this motion runs counter to the design of Rule 26(e). That rule encourages parties to supplement their discovery responses when they are known to be incomplete or incorrect. That obligation is designed to be a broad one. *E.g., Klonoski v. Mahlab,* 156 F.3d 255, 268 (1st Cir. 1998); *Rodriguez v. IBP, Inc.,* 243 F.3d 1221, 1229 (10th Cir. 2001). Thus, the usual case for sanctions involving this rule is when a party *does not* supplement its discovery responses, which leaves an incomplete or inaccurate discovery response in the record that may warrant sanctions. *See, e.g., W.G. Pettigrew Distrib. Co. v. Borden, Inc.,* 976 F. Supp. 1043, 1050 (S.D. Tex. 1996). Here, instead, the pending motion is asking for sanctions based on the decision to comply with Rule 26(e) by serving supplemental answers that clarify the record. The Court finds that the system is better served by encouraging supplementation, rather than sanctioning it.

11. Indeed, this case is a perfect example why encouraging supplementation promotes fairness. Because Defendant may not have had the financial ability to depose everyone identified in the initial disclosures or original interrogatory answers, like Mr. Adair,

5

Defendant may have never realized that a trademark component to the "negative impact" cited in the original answers was part of the case at all. The supplemental answers were clearly necessary to provide notice to Defendant and the Court that Plaintiff intended to raise this fact issue at trial. Although Defendant's pending motion cries foul, the reality is that Defendant now has knowledge of this issue well in advance of trial to prepare to rebut it.

Accordingly, the Court finds that no discovery violation has occurred in this case that warrants any sanctions under Rule 26 or 37. Therefore, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Strike Supplemental Answers to Defendant's First Set of Damages Interrogatories [D.E. 85] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of October, 2006.

EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable William P. Dimitrouleas
Counsel of record